THE STATE *against* LEMUEL D. EVANS.

*On Quo Warranto.*

The object and effect of a writ of quo warranto are either to oust the defendant of the franchise exercised, if he fails to show in himself a complete legal right to its exercise; or, if the franchise has been once legally granted, and afterwards forfeited, to seize it into the hands of the State.

But no precedent can be found where it was ever issued for the purpose of restricting or preventing any one legally possessed of a public office or franchise, from exercising any right, authority; or privilege, incident thereto, or claimed by virtue thereof.

The writ cannot be used to prohibit or restrain a public officer, or person exercising a public franchise, from doing any particular act or thing, the right of doing which is claimed by virtue of his office or franchise, and constitutes but a portion of the rights, powers, and privileges incident thereto.

Consequently, where a Special Judge is commissioned to try certain cases, particularly mentioned, the writ will not lie to inquire into his authority to try only one or more of those cases, but only to oust him of the office altogether.

A writ of quo warranto issued, commanding the defendant to show " by what warrant he claims to exercise, and exercises, the office of Judge, in a certain cause pending in our Circuit Court in and for said county of Pulaski, wherein William E. Woodruff is appellant, and Eliza B. Howell, administratrix *de bonis non* of the estate of William C. Howell, deceased, is appellee, being an appeal upon exceptions from our Court of Probate in and for the said county of Pulaski; and also in a certain other cause pending in our said Circuit Court, on the Chancery side thereof, wherein Ann I. Crittenden is complainant, and William E. Woodruff is defendant, being a petition for dower; and proceeds to sit upon the trial of said causes, and to hear, adjudicate, and determine the same; it being represented to us that such claim of authority, act, and proceeding of the said Evans are wholly illegal, unauthorized by, and contrary to, law, and that there was not, nor is there, any legal or constitutional disqualification existing in the Honorable John J. Clendenin, the Judge of our fifth judicial circuit, whereof the said county of Pulaski is one, why he should not sit upon the trial of said causes, and hear, determine, and adjudicate the same." To the form of the writ, no objection was made by the defendant, who appeared and pleaded that the Judge of the fifth judicial circuit of

this State had, on the 4th day of June, 1841, officially certified to the Governor sundry causes then pending for adjudication in the Circuit Court of Pulaski county, in said circuit, on the trial whereof he was disqualified to preside: and that the cases mentioned were of the number certified, and that the ground of disqualification to preside in the cases mentioned, as certified by said Judge, was his connection by affinity to one of the parties to the proceedings; and that the Governor on the 10th day of June, 1841, by commission in writing, under his hand and the great seal of State, of which commission profert was made, duly appointed and commissioned him "special Judge of the Circuit Court of the fifth judicial circuit of Arkansas, to try and decide the causes in said State's writ of quo warranto mentioned, together with sundry other causes so certified as aforesaid, at the adjourned term of said Circuit Court (then) to be holden on the second Monday in June of the present year, at the Court house in the city of Little Rock in the county of Pulaski." That he took the proper oaths of office on the 14th day of June, 1841, which were duly endorsed on the commission and certified; and that he, on the same day, by virtue of the warrant aforesaid, entered upon the discharge of the duties of said office and continued in the exercise and discharge thereof until the final adjournment of said term, on the 29th day of the same month, when his said commission expired, as lawfully he might.

The replication of the State admitted the facts set forth in the plea, and stated, by way of avoidance, that the wife of William E. Woodruff, who was a party to each of the suits mentioned in the writ, and the wife of the Judge by whom the cases were certified to the Governor, were first cousins, and in that degree related by consanguinity, and that there was no other relationship whatever between them, and that said Woodruff and Clendenin were not, in any wise, related to each other by consanguinity, and that there existed no other relationship between them by affinity, than that produced by their respective intermarriage with persons who were first cousins by consanguinity as aforesaid; that Judge Clendenin had never been of counsel, or interested in either of the cases, mentioned in the writ, and that the sole cause of his certifying them to the Governor, was the supposed

The State *against* Evans.

relationship by affinity within the fourth degree, between him and said Woodruff; and that by reason thereof, and for no other cause whatever, the defendant was appointed special judge.

To this replication the defendant filed a demurrer, assigning special causes of demurrer, upon which issue was joined by the State.

ASHLEY and WATKINS, for the State:

It would seem that the only question arising on the demurrer in this case, is, whether the Court will vacate the commission of a Special Judge, as to some of the cases set out in his commission, without vacating the whole commission. It is not the object of the State, on this writ, to vacate the entire commission of the defendant as Special Judge.

The appointment of a Special Judge being in derogation of the authority of the regular Judge, who, in the absence of any showing to the contrary, is presumed by law to be qualified to try all causes in his circuit, all the circumstances requisite to that appointment must not only exist, but they must be apparent on the face of his commission. The certificate of the Court or Judge, in the first instance, to the Governor, should specify the particular cause, or causes, if there be more than one, and the reason of the disqualification in each case. And the commission of the Special Judge, based upon such certificate, should set forth the particular cause or causes which he is thereby empowered to try and determine. In this view of the matter, we apprehend that the commission of a Special Judge may well be void as to one or more particular causes specified in it, and good as to the others.

Suppose a particular cause is improperly certified by the regular Judge, under a mistake of law or fact, as that he was related to one of the parties, or was interested in the suit, or had been of counsel, when in point of fact he had not been of counsel, or was mistaken in point of fact as to the other causes of disqualification: a commission, based upon such certificate, is duly issued to a Special Judge, to try that cause: clearly, a quo warranto is the only and the proper mode of inquiring into his authority to try that particular case; and we see no good reason why it should be otherwise, because his com-

mission embraces certain other causes, in which the validity of his appointment, and his right to sit are not.questioned.    We regard it as the same thing as if a separate commission had issued as to each particular cause certified; because there exists no reason why the Governor should specially commission the same man or men of law knowledge in all the cases.    He might commission a different individual to try the different causes, though, from motives of policy or economy, he probably would not do so, unless a reason existed.

GILCHRIST, *Contra:*

RINGO, C. J., delivered the opinion of the Court :

The pleadings, although they are in some respects rather uncertain and informal, are believed to be substantially good, if the facts disclosed are such as in law authorize the writ, or enable the State to require the defendant to show his warrant or authority to preside upon the trial of and adjudicate the cases therein mentioned.    The first question, therefore, to be determined, is, whether the action or legal remedy for the wrong supposed to have been committed, has not been misconceived?    It must, we think, be conceded, that the common law regards the proceeding by writ of quo warranto as the most appropriate remedy for the King, by which he may at pleasure require any subject exercising a public franchise or authority which he cannot legally exercise without some grant or authority from the crown, to show by what warrant or authority he exercises it, and thereupon demand and have a judicial trial and determination of the legal right of the defendant to exercise such office or franchise; and that, by analogy, the State here may in like cases have the same remedy. But here, as in England, the object and effect of the proceeding must be either to oust the party defendant of the franchise, if he fails to show in himself a complete legal right to its exercise, derived from or under the authority of the State, or, if the franchise has been once legally granted, and has been forfeited by the defendant or those through whom he derives title to it, to seize it into the hands of the State.    But it is believed that no precedent can be found, where this writ was ever issued for the purpose of restricting or preventing any

The State *against* Evans.

one legally possessed of a public office or franchise, from exercising any right, authority, or privilege incident thereto, or claimed by virtue thereof. It is a legal proceeding, authorized exclusively for the purpose of investigating and determining, by judicial authority, the legal right to a public office or franchise, but is not nor ever was authorized by the common law to be used as the legal instrument or means of prohibiting or restraining a public officer, or person exercising a public franchise from the doing of any particular act or thing, the right of doing which was claimed by virtue of such office or franchise, and constituted a portion only or an integral part of the rights, powers, and privileges incident thereto. For example, although it is the appropriate legal proceeding to oust or remove from office, by judicial authority, a person who is ineligible to the office of Judge of the Circuit Court, or who has not been legally elected, appointed, commissioned, or qualified to hold such office, yet if the office be held by a person eligible thereto, who has been legally elected, or appointed, commissioned, and qualified to hold it, he cannot by such proceeding be legally prohibited or prevented from taking cognizance of and adjudicating any suit or proceeding instituted and pending for adjudication in any Court which he is by law authorized to hold, although such Court may not legally possess jurisdiction of the matter, or authority to adjudicate and determine the controversy. So, if the commission be special, to hold plea of and adjudicate and determine certain cases particularly mentioned and described, a portion only of which he can legally adjudicate and determine, and he assumes jurisdiction over all of the cases so mentioned and described, notwithstanding the want of legal authority in him to adjudicate and determine a part of them, he cannot be legally restrained or prohibited therefrom as to the cases only which he has no legal right to take cognizance of, try, and decide, by any proceeding upon a writ of quo warranto; because, the object and effect of the proceeding in such case would not be to oust or divest him of the office itself, but only to prohibit him from exercising a power incident to the office in regard to a particular case; thus conceding to the defendant the legal title to the office, and denying only his legal right to exercise it over a particular case, or in reference to some particular matter or subject, which is not and never

The State *against* Evans.

was the legitimate office or object of such writ, or the proceedings thereupon authorized by law.

The defendant shows that the Judge of the fifth judicial circuit, embracing the county of Pulaski, had officially certified to the Governor the fact of his disqualification to preside on the trial of sundry cases then pending in the Circuit Court of said county, which were specially designated, and among which were the cases mentioned in the writ; and that the Governor thereupon appointed and commissioned specially the defendant, for the trial and determination of the cases so certified, which were also specially enumerated in his commission, including with others the cases mentioned in the writ; and these facts are not controverted by the State, but are, by her replication, admitted to be true. The defendant therefore, from aught that appears in the pleadings before us, is eligible to, and legally possessed of the office of Judge of the Circuit Court, and notwithstanding his office and authority are limited to the trial and determination of the cases specified in his commission, he was unquestionably invested with legal authority to hold the Circuit Court in which such cases were pending, for their trial and determination, and in reference thereto, was clothed with all the powers appertaining to said Court, and was by law to preside therein pending their trial and determination, unless prevented by some legal remedy applicable to the case, and interposed, prosecuted or presented by the parties themselves, instead of the State, if in fact he had no legal jurisdiction of, or right to try and determine a portion only of the cases mentioned in his commission.

The writ before us does not require the defendant to show by what warrant he exercises the office or franchise of Judge of the Circuit Court in and for the county of Pulaski, but simply demands of him to show by what authority he exercises said office in respect to the two cases therein mentioned, being a part only of the cases he was commissioned specially to try. Nor does the replication question his legal right to the office itself, but simply denies the disqualification of the regular Judge of the fifth judicial Circuit, to adjudicate the cases mentioned in the writ, thus attempting, as it were, to divide the office, and to consider it as a distinct office depending upon a separate

The State *against* Evans.

warrant in reference to each case, which the judge is commissioned specially to try and determine, contrary to the fact, as well as every principle of law and justice. This principle, if admitted to be true, might subject the officer to the vexation and expense of exhibiting his authority in every case pending for his adjudication, and a judgment in one case would be no bar to the demand made of him in another, nor could any judgment of ouster from office, or other legal judgment, that we are aware of, be pronounced against him in such case.

And therefore we are of the opinion that the legal remedy for the wrong, if any has been committed by the supposed unauthorized and illegal certification, to the Governor by the regular judge of the Circuit Court of Pulaski county, of the cases mentioned in the writ, has in this proceeding against the defendant been misconceived. And for this reason the demurrer to the replication must be sustained.